IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD M. BIRD, | No. 2:16-cv-2352-GEB-CMK |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION |
| SKILLMAN, et al., | |
| Defendants. | |
| _____/ | |

   Plaintiff, proceeding pro se, brings this civil action. Pending before the court is plaintiff's complaint (Doc. 1) and a motion to transfer to another judge (Doc. 6).

   The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court is also required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under these screening provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B) and 1915A(b)(1), (2). Moreover, pursuant to Federal Rule of Civil Procedure 12(h), this court must

dismiss an action "[w]henever it appears . . . that the court lacks jurisdiction of the subject matter . . . ." Because plaintiff, who is not a prisoner, has been granted leave to proceed in forma pauperis, the court will screen the complaint pursuant to § 1915(e)(2).

The Federal Rules of Civil Procedure require that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). "Although a pro se litigant . . . may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." Brazil v. U.S. Dep't of Navy, 66 F.3d 193, 199 (9th Cir. 1995).

In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." " Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964 (2007). While "[s]pecific facts are not necessary; the statement [of facts] need . . . . give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (internal quotes omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, see id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

### I. PLAINTIFF'S ALLEGATIONS

Plaintiff's complaint is unclear. It appears plaintiff is attempting to challenge a citation he received in Tehama County for fishing without a license. Plaintiff alludes to some type of trial before Judge Skillman, named as a defendant to this action, wherein it appears

2

plaintiff was fined $790.00 for fishing without a license, first offense.  He also mentions attempting to challenge the requirement for a California Driver's License, or the suspension thereof, for failure to pay the above mentioned fine.

## II.  DISCUSSION

Although the complaint is vague, it appears this is plaintiff's second attempt at challenging his citation for fishing without a license.  In plaintiff's prior case[1], Bird v. County of Tehama, et al., case number 2:13-cv-2549-MCE-CKD, the court found the complaint vague and conclusory, and informed plaintiff that such a complaint was insufficient.  That case, which also appeared to challenge his conviction for unlawful fishing, was dismissed as barred under Heck v. Humphrey, 512, U.S. 477 (1994).  Despite the court's caution, the complaint filed in this case is just as vague and conclusory as the complaint filed in plaintiff's prior action.

The Federal Rules of Civil Procedure require that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  "Although a pro se litigant . . . may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong."  Brazil v. U.S. Dep't of Navy, 66 F.3d 193, 199 (9th Cir. 1995).

Here, Plaintiff's complaint does not include a short and plain statement of the claim, and is almost unintelligible.  The complaint therefore fails to meet the pleading

---

[1] A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

3

requirements of Rule 8.  Plaintiffs' statements are simply too vague and conclusory for the court to determine whether this action is frivolous, fails to state a claim for relief, or is barred by res judicata.

        Two related doctrines of preclusion are grouped under the term "res judicata." See Taylor v. Sturgell, 553 U.S. 880, 128 S. Ct. 2161, 2171 (2008).  One of these doctrines – claim preclusion – forecloses "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." Id.  Stated another way, "[c]laim preclusion. . . bars any subsequent suit on claims that were raised or could have been raised in a prior action." Cell Therapeutics, Inc. v. Lash Group, Inc., 586 F.3d 1204, 1212 (9th Cir. 2009).  "Newly articulated claims based on the same nucleus of facts are also subject to a res judicata finding if the claims could have been brought in the earlier action." Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002).  Thus, claim preclusion prevents a plaintiff from later presenting any legal theories arising from the "same transactional nucleus of facts." Hells Canyon Preservation Council v. U.S. Forest Service, 403 F.3d 683, 686 n.2 (9th Cir. 2005).  The second – issue preclusion – "bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." Taylor, 128 S. Ct. at 2171 (internal citation, quotation omitted).  As it appears plaintiff is attempting to challenge the same underlying conviction for unlawful fishing that he was challenging in his prior case, it would appear this case is likely barred by res judicata.

        Regardless, the undersigned finds, as was found in plaintiff's prior case, that his attempt to challenge his conviction for unlawful fishing in an action under 42 U.S.C. § 1983 is barred by Heck.  In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held that a suit for damages on a civil rights claim concerning an allegedly unconstitutional conviction or imprisonment cannot be maintained absent proof "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state

tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." <u>Heck</u>, 512 U.S. at 486. Under <u>Heck</u>, the court is required to determine whether a judgment in plaintiff's favor in this case would necessarily invalidate his conviction or sentence. <u>Id.</u> If it would, the complaint must be dismissed unless the plaintiff can show that the conviction or sentence has been invalidated. The undersigned finds that plaintiff's action implicates the validity of his conviction for unlawful fishing and is thus barred by <u>Heck</u>. Plaintiff will be afforded an opportunity to show that the conviction has been invalidated in his response to these findings and recommendation.

### III.  REQUEST TO TRANSFER

Frustrated with the length of time the court has taken to address plaintiff's complaint, he has requested the transfer of this action to another judge. Plaintiff offers no adequate grounds for the removal of the undersigned from this case, such as bias or prejudice pursuant to 28 U.S.C. § 144. To the extent plaintiff was attempting to bring a motion to disqualify the undersigned, the request as filed is insufficient. To be sufficient, such a motion must state facts which, if true, fairly support the allegation of bias or prejudice which stems from an extrajudicial source and which may prevent a fair decision. See <u>U.S. v. Azhocar</u>, 581 F.2d 735, 740-41 (1976). The Supreme Court in <u>Berger</u> also held that adverse rulings alone cannot constitute the necessary showing of bias or prejudice. See <u>Berger v. United States</u>, 255 U.S. 22, 34 (1922). There are simply no grounds on which to grant plaintiff's request.

### IV.  CONCLUSION

The undersigned finds this action is likely barred by res judicata and is barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994) as a judgment in plaintiff's favor in this case would implicate the validity of the underlying conviction he is challenging. Plaintiff may be heard on these issues by filing objections to these findings and recommendation. If plaintiff files objections to these findings and recommendations, he will also be required to address the lack of factual allegations sufficient to state a claim if any leave to amend is to be considered.

1   However, it does not appear possible that the deficiencies identified herein can be
2   cured by amending the complaint.  Therefore, plaintiff is not entitled to leave to amend at this
3   time.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).
4   Based on the foregoing, the undersigned recommends that this action be
5   dismissed.
6   These findings and recommendations are submitted to the United States District
7   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days
8   after being served with these findings and recommendations, any party may file written
9   objections with the court.  Responses to objections shall be filed within 14 days after service of
10  objections.  Failure to file objections within the specified time may waive the right to appeal.
11  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  February 3, 2017

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE